UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Polar Products, Inc., ) | CASE NO. 5:15CV2608 |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| vs. ) | |
| Techniche International, et al., ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. ) | (Resolves Doc. 10) |

Pending before the Court is Defendants' motion to dismiss this matter for lack of personal jurisdiction. Doc. 10. The motion to dismiss is GRANTED. This matter is hereby DISMISSED.

**I. STATEMENT OF FACTS**

Plaintiff Polar Products, Inc. ("Polar") filed this action on December 15, 2015. In its complaint, Polar contends that Defendants Techniche International and KewlFit LLC infringed upon its trademarks for "Cool Fit" and "Cool Flow." Polar contends that the defendants market products utilizing the terms KewlFlow and KewlFit and that Polar has not authorized the use of its mark.

Techniche responded to the complaint by moving to dismiss the matter, asserting that this Court lacks personal jurisdiction over it. Polar has opposed the motion, and Techniche has replied. The Court now resolves the motion.

**II. LEGAL STANDARD & ANALYSIS**

This Court applies Ohio law in determining whether it may exercise jurisdiction over a defendant. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court

must engage in a two-step analysis to determine personal jurisdiction under Ohio law.  The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)).  The Court must engage in both steps if Ohio's long-arm statute applies because it does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1.  Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*  However, "if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012)

Plaintiffs bear the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168.  However, when a court rules solely based upon the pleadings, a plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *See Goldstein*, 638 N.E.2d at 544.  Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Ohio's long-arm statute, Revised Code Section 2307.382, provides as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state[.]

"Subsection (A) makes clear that for personal jurisdiction to exist under Ohio's long-arm statute, the cause of action must arise from the defendant's conduct in Ohio." *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, 2011 WL 711568, at *4 (N.D. Ohio Feb. 22, 2011).

> More recently, courts have identified two factors that help determine whether an out-of-state defendant "transacted business" within the meaning of the long-arm statute. *See, e.g., Paglioni & Assocs., Inc. v. WinnerComm, Inc.*, 2007 WL 852055 (S.D.Ohio Mar.16, 2007); *Shaker Constr. Group, LLC v. Schilling*, 2008 WL 4346777 (S.D.Ohio Sept.18, 2008).
>
> The first factor is whether the out-of-state defendant initiated the dealing. *Paglioni*, 2007 WL 852055 at *9. If it were the defendant who "reached out" to the forum state to create a business relationship, the defendant has transacted business within the forum state. *Id*. The question of who initiates the contact, however, is but one factor to be considered and the determination is not always dependent upon who initiates the contact. *Military Supply, Inc. v. Reynosa Const., Inc.*, 2000 WL 109783 at n. 3 (Ohio Ct.App. Jan. 26, 2000). With regard to "reaching out," as a general rule, the use of interstate lines of communication such as mail and telephones does not automatically subject a defendant to the jurisdiction of the courts in the forum state. *Benjamin v. KPMG Barbados*, 2005 WL 995589 (Ohio Ct.App. Apr. 28, 2005).
>
> …
>
> The second factor is "whether the parties conducted their negotiations or discussions in the forum state, or with terms affecting the forum state." *Paglioni*, 2007 WL 852055 at *9. If the parties negotiated in Ohio with provisions affecting Ohio, the non-resident transacted business in Ohio. *Shaker Construction*, 2008 WL 4346777 at *3. However, merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute "transacting business." "Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state." *Id*. (citing *Kentucky Oaks Mall*, 559 N.E.2d at 480).

*Id.* at *4-5.

Herein, even construing the evidence and arguments in a light most favorable to Polar, Polar falls short of demonstrating personal jurisdiction over the defendants.  In its motion, Techniche explains in detail that it 1) maintains a website with no ordering capabilities; 2) owns no property in Ohio; 3) has no sales representatives or other employees that work in Ohio; 4) has not had an employee visit Ohio in the last five years: 5) does not target Ohio as a sales market; and 6) generated less than 1% of its revenue from Ohio in 2015.  In response, Polar asserts: "Here, the facts set forth in Defendant's sworn Declaration demonstrate that Defendant sells products in Ohio. This is more than enough for a prima facie showing that personal jurisdiction exists under section (A)(1) of the long-arm statute."  Doc. 13 at 4.

As noted above, simply having sales in Ohio is insufficient to satisfy Ohio's long-arm statute.  First, the cause of action must arise from transacting business within the state.  As such, simply having sales of *any* product does not satisfy the long-arm statute.  Second, when examining the two factors above, it is apparent that Techniche did not initiate any dealings with Ohio as it relates to the trademark at issue herein and the related products.  As noted in the declaration filed in support of the motion to dismiss:  "In 2015, Techniche sold no "KewlFlow" product into the state of Ohio and only sold $3,000 of "KewlFit" product into the state of Ohio out of a total of $4,000,000 in revenue.  This represents only .00075% of Techniche's total sales."  Doc. 10-2 at 2.  As such, the first factor does not support a finding that the long-arm statute has been satisfied.  Next, it is clear that no negotiations involving any of the sales occurred within Ohio.  Polar has offered no argument with respect to either of these factors, and in fact has offered no argument beyond its conclusory statement that having sales within Ohio is sufficient to satisfy the long-arm statute.  Having found no merit in this contention, the Court finds that the long-arm statute has not been satisfied.

4

Broken down in its simplest form, this case presents whether it is appropriate to exercise personal jurisdiction over a California company that generated roughly $3,000 in revenue from indirect sales to the state of Ohio.  As noted above, the facts herein do not satisfy Ohio's long-arm statute.  However, even if the Court were too construe "transacting any business" as broadly as proposed by Polar, the Court would conclude that due process would be violated if jurisdiction were exercised over defendants in this matter.  The minimal amount of the alleged infringing products that made their way indirectly into the state of Ohio is not insufficient to force a California company to litigate in Ohio.

## IV. CONCLUSION

The defendants' motion to dismiss is GRANTED.  The Court finds that it has no personal jurisdiction over Techniche or its alleged dba, Kewlfit, LLC.  The complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date:   September 20, 2016           /s/ John R. Adams
                                                                   Judge John R. Adams
                                                                   UNITED STATES DISTRICT COURT